Herbert A. Nieman & Co. v. Commissioner.
Herbert A. Nieman & Co. v. Commissioner
Docket No. 56932.
United States Tax Court
T.C. Memo 1960-119; 1960 Tax Ct. Memo LEXIS 169; 19 T.C.M. (CCH) 632; T.C.M. (RIA) 60119; June 8, 1960
Harvey W. Peters, Esq., 1308 North Prospect Avenue, Milwaukee, Wis., and William A. Jackson, Esq., for the petitioner. Erving Sodos, Esq., for the respondent. VAN FOSSAN Supplemental Memorandum Opinion VAN FOSSAN, Judge: Petitioner filed a motion requesting a "correction" in our Opinion, 33 T.C. 451, filed December 9, 1959. Specifically, *170 petitioner takes issue with the finding that the breeder foxes were "inventoried," and asks us to find the contrary. Were we to find that the foxes were not inventoried, petitioner would be entitled to an allowance for depreciation in computing its taxable income. Petitioner's motion must be denied for the reasons set forth in our original opinion and amplified herein. The notice of deficiency contained the following paragraph concerning this issue: "The issues raised in your claims for refund requesting deductions in the taxable years 1941 to 1945, inclusive, in the respective amounts of $29,405.92, $28,553.64, $30,370.94, $32,877.00, and $33,949.71 for depreciation on live foxes carried in inventory on your books and records, and alleging that the gains realized upon the sale of skins pelted from foxes previously used for breeding purposes are taxable as long-term capital gains under the provisions of section 117(j) of the Internal Revenue Code of 1939 have been carefully considered. It has been concluded that since the value of the animals upon which you seek to deduct depreciation was taken into the inventories used in computing the gross profit reported on your returns, *171 such animals are not subject to depreciation under the method of accounting used by you and, further, that no timely applications for a change in method of accounting have been filed." The presumption of correctness of respondent's determination is not a matter of evidence but is merely an arbitrary fixation of the procedural posture of the parties to the trial, and such presumption disappears once evidence which would support a contrary finding has been adduced in the trial of a contested issue. We search this record in vain for such evidence. Petitioner's motion states: "There is not a scintilla of evidence respecting 'inventorying' of animals and pelts, other than the fact that these cost figures were 'included under the heading inventories' on 'balance sheets accompanying its Federal income and declared value excess-profits tax returns.'" We agree, and it is therein that petitioner failed. If there was disagreement with respondent's determination, the burden rested upon petitioner to bring forth evidence to show the contrary. Examining petitioner's returns we find that under "Cost of Goods Sold" (Schedule A) for the years in issue, petitioner listed various amounts representing *172 inventory at the beginning and at the end of the year of the return. These inventory entries were the totals of the amounts listed in Schedule L under the headings: "Breeding Foxes & Other Foxes," "Fox Pelts," and "Finished Goods Inventory." The "Breeding Foxes & Other Foxes" entry is some evidence that petitioner treated the breeder foxes as part of its livestock inventory. The original cost of the breeder foxes, the pelts of which were sold in the years 1942 to 1945, inclusive, and the amount of sales commissions and selling expenses were deducted from gross income of petitioner as deductions reducing petitioner's ordinary taxable income. It is stipulated that respondent did not question the deduction of the cost of the breeder foxes. We were of the opinion that respondent erred in including in ordinary income the sales price from these pelts and held they were subject to capital gains treatment consistent with section 117(j) of the Internal Revenue Code of 1939. Petitioner argues that taking such deductions is inconsistent with "inventory" treatment of the breeder foxes. See section 29.22(a)-7. Regulations 111. [1]
*173 In following this argument we have carefully examined petitioner's returns for the years in issue but found no evidence that such deductions had in fact been taken. It may be that the cost was included on the line "Other costs per books" (Schedule A). We examined the itemization of this entry in the schedule, but the entries were so general as to prevent the actual tracing of these cost items. If petitioner desired to substantiate this argument, an opportunity was afforded at the hearing to produce the necessary evidence which would indicate that the costs were deducted. Nor do we think that the fact that petitioner took the deduction and respondent acquiesced in this treatment adds weight to petitioner's argument against the finding that breeder foxes were inventoried. We have found that petitioner has not shown that respondent erred in determining that petitioner "inventoried" the breeder foxes. The deduction from gross income for the year of the cost of the breeder foxes sold was erroneous and respondent's acquiescence in this error does not bind this Court. A comparison of the total cost of production of the breeder foxes with the valuation petitioner placed on inventory *174 indicates that petitioner used a "cost" method of valuing its inventories. Regulations 111, sec. 29.22(c)-3. The facts do not indicate that petitioner used the "cost or market" or the "farm-price" method. Cf. secs. 29.22(c)-4, 29.22(c)-6, Regulations 111. It could not have been using the "unit-price" method for the years 1941 to 1944 since this method was not proposed and approved by the respondent until 1944. Sec. 29.22(c)-6, Regulations 111, as amended by T.D. 5423, 1945 C.B. 70. Petitioner was on a "cost" method, and since it does not appear that petitioner requested permission in 1944 to change to the "unit-price" method (or in fact did change), we conclude that petitioner continued to use the "cost" method. See sec. 29.41-2, Regulations 111. Cf. sec. 29.22(c)-6, Regulations 111; Elsie SoRelle, 22 T.C. 459. See, also, Rev. Rul. 60-60, I.R.B. 1960-7, 29. Petitioner argues that the case of Scofield v. Lewis, 251 F. 2d 128 (C.A. 5), is applicable to the facts of this case and inferentially would grant petitioner permission to change its method of accounting. That case applied to a special fact situation dealing with Regulations *175 requiring a taxpayer electing the "unit-price" method of valuing his livestock inventory to apply it to all livestock, including breeding animals. The Court of Appeals for the Fifth Circuit held that the Regulations had no basis in the statute and ruled that the taxpayer, who was compelled to value his entire inventory in this manner under the Regulations, could retroactively change his accounting method. Petitioner does not fit within the special facts of that case since it used a "cost" basis of valuation. Cf. Jack Frost, 28 T.C. 1118; Carter v. Commissioner, 257 F. 2d 595 (C.A. 5). Assuming, arguendo, that petitioner used the "unit-price" method, petitioner has not shown that it was compelled by respondent to include its breeder foxes in the inventory and that the inclusion was other than voluntary. Such a showing is required by the Lewis case, supra. See Carter v. Commissioner, supra; Andrew Little, Jr., 34 T.C. - (May 6, 1960). Petitioner did not argue Lewis on brief, even though it was cited by respondent. Petitioner had ample opportunity in the brief and reply brief to discuss the applicability of that case. Petitioner is not entitled *176 to re-argue or re-brief points, which may have been overlooked at the hearing of the case, through the use of a motion for corrections. Petitioner argues that clarification and instructions are required for a Rule 50 computation. Respondent disagrees, and states that the data found in our opinion are entirely adequate. In any event, if the parties cannot agree on the computation, Rule 50(b) provides a means of settling the disagreement, and a motion at this time is untimely and inappropriate. For the reasons to be found in the original opinion and those discussed above, the motion must be denied. Decision will be entered under Rule 50. Footnotes
1. Sec. 29.22(a)-7. Gross Income of Farmers. - * * * Also live stock acquired for draft, breeding, or dairy purposes and not for sale, may be included in the inventory, instead of being treated as capital assets subject to depreciation, provided such practice is followed consistently by the taxpayer. In case of the sale of any live stock included in an inventory their cost must not be taken as an additional deduction in the return of income, as such deduction will be reflected in the inventory. * * *↩